■ TORAH SOFT, LTD., Respondent, v MICHAEL DROSNIN, Appellant, et al., Defendant. (And a Third-Party Action.) [702 NYS2d 272] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered July 19, 1999, which, insofar as appealed from, denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

Plaintiff, an Israeli corporation, alleges that defendant, a New York resident, breached oral promises to mention plaintiff and its computer software in defendant's book about the Torah, with information sufficient for readers to contact plaintiff, in partial consideration for plaintiff's computer services. Defendant's contention that New York law is applicable and requires dismissal of the action based upon, *inter alia*, the Statute of Frauds was properly rejected by the motion court, the significant contacts clearly favoring the applicability of Israeli law (*see, Matter of Allstate Ins. Co. [Stolarz]*, 81 NY2d 219, 226-227). In this regard, plaintiff's principal place of business is in Jerusalem; defendant initially approached plaintiff's principal

shareholder, an Israeli citizen, regarding his services by phoning him in Israel; all of the face-to-face meetings between the parties took place in Israel while defendant was working on the book, and any modified or additional agreements were negotiated and entered into there; most of the phone conversations between the parties took place while defendant was in Israel; and all of plaintiff's alleged software services for defendant were performed in Israel (*see, Spink & Son v General Atl. Corp.*, 167 Misc 2d 120, 122). For choice-of-law purposes, it is of little significance that in order to perform his alleged obligation to mention plaintiff, defendant first had to write a book, and then procure a publisher, in New York. Plaintiff's claim is not that defendant agreed to write and publish a book in exchange for its computer services, but rather to mention plaintiff *if* he wrote the book. We have considered defendant's remaining arguments and find them unavailing. Concur—Ellerin, J. P., Saxe, Buckley and Friedman, JJ.